*Monday, November 2, 1992*

## MOTION DOCKET

**92–2133.** State ex rel. Hogan v. Shea. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relators' motion for a peremptory writ or, in the alternative, an alternative writ of prohibition and motion to seal exhibits,

IT IS ORDERED by the court that said motion for an alternative writ be, and the same is hereby, granted, effective October 30, 1992, and that, until further order of this court, respondent is prohibited from proceeding to hearing on October 29, 1992, or at any other time, on the issue of whether respondent should issue a report and recommendation that the Lewis Center be held in contempt for failing to treat C.J. in accordance with the community standard of care.

MOYER, C.J., dissents and would grant the writ of prohibition.

RESNICK, J., dissents.

IT IS FURTHER ORDERED by the court that respondent show cause on or before November 19, 1992, why a peremptory writ should not be issued.

IT IS FURTHER ORDERED by the court that said motion to seal exhibits be, and the same is hereby, granted.

RESNICK, J., dissents.

## MISCELLANEOUS DISMISSALS

**92–1957.** Mesarvey, Russel & Co. v. Boyer. *Franklin County*, No. 91AP–974. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Franklin County to certify its record. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective October 30, 1992.

*Thursday, November 5, 1992*

## MOTION DOCKET

**86–642.** State v. Beuke. *Hamilton County*, No. C–830829. This cause came on for further consideration upon appellant's motion to stay his execution, now scheduled for December 16, 1992, pending the final disposition by the Ohio courts of his federal constitutional claims raised in his Application for Delayed Reconsideration, filed in the First District Court of Appeals,

IT IS ORDERED by the court that said motion to stay the execution be, and the same is hereby, granted, effective November 2, 1992.

HOLMES and DOUGLAS, JJ., dissent.